## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MICHAEL ANGELO,

      **Plaintiff,**

v.

KAREN FAIRLEY, IN HER INDIVIDUAL
CAPACITY,
KEISHA GLENN, IN HER INDIVIDUAL
CAPACITY, AND
AARON KORSEN,

      **Defendants.**

Case No.: 2:25-cv-11840

Hon.

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

## <u>COMPLAINT</u>

    **NOW COMES**, Plaintiff Michael Angelo, by and through his attorneys at

Marko Law, PLLC, for his Complaint against Defendants, states:

## INTRODUCTION

1.     This is a civil rights and state tort action arising out of the wrongful investigation, arrest, and prosecution of Michael Angelo based on knowingly false information fabricated and disseminated by Defendants. Plaintiff seeks damages under 42 U.S.C. § 1983 and Michigan common law for false arrest, malicious prosecution, and gross negligence.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district under 28. U.S.C. § 1391 because the events giving rise to the claims occurred in this District.

## PARTIES

4.     Plaintiff, Michael Angelo, is an individual and resident of the State of New Jersey and a business owner in Michigan.

5.     Michael Angelo was the titled owner of the real property located at 16100 19 Mile Road, Clinton Township, Michigan, 48038 and 23265 Northwestern Hwy, Southfield, Michigan, 48075

**Complaint**

MARKO LAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

6. Defendant Keisha Glenn was at all relevant times and Assistant Attorney General for the State of Michigan and acted under the color of law. She is sued in her individual capacity.

7. Defendant Karen Fairley was at all relevant times a special agent assigned to the Auto Insurance Fraud Unit of the Michigan Department of Attorney General and acted under color of law. She is sued in her individual capacity.

8. Defendant Aaron Korsen is a private individual and former employee of Michael Angelo. He was also employed as an informant for the FBI and the State of Michigan. He knowingly provided materially false information during the course of his employment as an informant. He is sued in his individual capacity.

## STATEMENT OF FACTS

### *Defendant's Malice Toward Michael Angelo*

9. Michael Angelo owned businesses that provide services and care to victims of car crashes including operating a surgical center and pharmacy.

10. He has been providing these care services for victims of car crashes for 35 years.

11. He has owned a surgical center, pharmacy, transportation company, and testing lab.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                                      Michael L. Jones, Esq.
Case No.: 25--                                                                         Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

12.    Michael Angelo's businesses bill auto insurance companies for his company's services.

13.    Injured patient's treatment is supposed to be paid under Michigan No-Fault law by auto insurance carriers doing business in Michigan.

14.    The insurance companies deny most claims for payment.

15.    As a result, Michael Angelo's companies have to sue to receive payment.

16.    Angelo has faced significant pushback for his life's work from auto insurance companies.

17.    In 2014, Defendant Korsen began working for a law firm that litigated cases for Angelo.

18.    He became an informant for the FBI and the State of Michigan.

19.    Korsen subsequently work for Angleo and continued as an informant while working for Angelo's companies.

20.    He provided false information to his handlers.

21.    Angelo has been wrongfully sued by auto insurance companies for providing medical care that the insured paid for in the State of Michigan.

22.    He has been wrongfully sued for RICO and fraud claims by Progressive, Allstate and its affiliates, State Farm, and Liberty Mutual.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

23.     Under federal law, auto insurance companies are required to reimburse the Veterans administration, Medicare and Medicaid for any federal funds used to pay for medical treatment and medications arising from auto accidents.

24.     Over time, Michael Angelo discovered that auto insurance companies were failing to reimburse Medicare and Medicaid for payments made on behalf of many of his patients.

25.     In 2019, he filed a whistleblower complaint to the U.S. Department of Justice and the Michigan Attorney General Dana Nessel, subsequently filing a qui tam case against State Farm and Allstate.

26.     In retaliation, Michael Angelo was subjected to two prosecutions influenced by the insurance companies and Korsen.

27.     In April 2022, Mr. Angelo was charged with an 11-count complaint alleging  tax evasion, conspiracy to defraud the United States, and wire fraud in the U.S. District Court for the Eastern District of Michigan.

28.     Notably, in excess of 20 U.S. Marshalls, FBI agents, sheriff's deputies, and local police arrested Mr. Angelo, in his home, with machine guns drawn. The incident was recorded.

29.     The prosecution was dismissed with prejudice because it collapsed due to a lack of evidence and grand jury misconduct and tampering.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

30.     The U.S. Attorney assigned to the case,  Mark McDonald, faced scrutiny from Judge Leitman for prosecutorial misconduct during the case.

31.     The charges against Mr. Angelo were fabricated by Defendant Aaron Korsen, who acted as a confidential informant and received over $180,000 in cash as payment for his fabricated reports.

32.     The wire fraud charges were voluntarily dismissed because there were no facts to support the charges.

33.     The remaining charges dismissed with prejudice in November 2024 due to prosecutorial and grand jury misconduct on the motion of a senior prosecutor who was called in to review the misconduct in the case.

34.     In January 2019, Michigan's Attorney General's Office hired Defendant Keisha Glenn to be a special prosecutor focused on insurance fraud.

35.     Defendant Glenn previously worked for Scarfone & Geen and Hackney Grover, PLLC representing State Farm defending no-fault auto cases.

36.     Defendant Glenn's administrative and investigative actions at Scarfone & Geen led her to falsely believe that Angelo was engaging in criminal conduct while she defended no-fault auto cases.

**Complaint**

37.     At all relevant times investigating, Defendant Glenn did not act within the scope of her prosecutorial functions. She acted with malice or corrupt motives based on Michael Angelo's complaints against her former client.

38.     Glenn's actions were investigative, not prosecutorial. She operated outside the scope of advocacy by collecting, fabricating, and submitting evidence before any charges were filed. Therefore, she is not entitled to absolute immunity. See Kalina v. Fletcher, 522 U.S. 118 (1997); Malley v. Briggs, 475 U.S. 335 (1986).

39.     On April 22, 2023, she falsely charged Mr. Angelo  with 18 felony counts in Macomb County Circuit Court, alongside Dr. Chitra Sinha, Pharmacist Robert Presley, Dr. Mohammad Ali Abraham, Attorney Thomas Quartz, and Hassan Fayad.

40.     Angelo was charged with running a criminal enterprise, insurance fraud, distribution of narcotics and faced spending the rest of his life in prison.

41.     The indictment listed the complaining witnesses as  Liberty Mutual, Progressive, Allstate, and Esurance.

42.     In reality, the prosecution was initiated by prosecutor Keisha Glenn, based on her biases developed while working for State Farm.

43.     Defendants Glenn, Fairley, and Korsen manufactured a case against Mr. Angelo without probable cause.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

44.    Glenn was acting in her investigatory capacity when she manufactured the case.

45.    She was not acting in her capacity as a prosecutor.

46.    Glenn and Farley mislead the Court in obtaining a warrant for Angelo's arrest and prosecution.

47.    Glenn and Farley initiated her investigation based on a 64-page affidavit from the FBI.

48.    In reality, the  64-page memo was the civil RICO complaint filed against Angelo by State Farm that was confidentially settled in 2019 and dismissed with prejudice.

49.    False statements in affidavits to obtain arrest warrants or asset freezes are not protected by prosecutorial immunity and violate clearly established Fourth Amendment rights (See *Malley v. Briggs,* 475 U.S. 335 (1986).

50.    Defendant Glenn brought the 64-page civil RICO complaint from State Farm to the Attorney General's office, when she began her employment as an Insurance Fraud Specialist.

51.    Investigatory conduct and/or fabrication of evidence pre-charging is not shielded by immunity.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

52.     Defendant Fairley swore to the warrant application that she received the report from the government.

53.     In reality, Farley received the 64-page complaint from Defendant Glenn.

54.     Use of a known false document to initiate criminal proceedings shows malice and deliberate misconduct.

55.     The actions of Defendants Glenn and Fairley were taken in retaliation for Plaintiff's protected whistleblower activity, including his 2019 qui tam complaint under the False Claims Act and disclosures to DOJ and CMS regarding Medicare and Medicaid fraud by State Farm and Allstate. Retaliating against a citizen for petitioning the government and exposing fraud violates clearly established rights under the First and Fourteenth Amendments.

**Defendants Glenn and Fairley Freeze Plaintiff's Assets**

56.     On or about March 22, 2024, Defendant Glenn, acting under the color of law and without probable cause, issued a Criminal Enterprise – Notice of Intent to Forfeit Property, asserting that the properties at 16100 19 Mile Road, Clinton Township, MI 48038 and 23265 Northwestern Hwy, Southfield, MI, 48075  were used in the course of, or realized through racketeering activity allegedly committed by Plaintiff Michael Angelo.

**Complaint**
*Michael Angelo v. Karen Fairley, et al*                                          Michael L. Jones, Esq.
Case No.: 25--                                                                              Jon R. Marko, Esq.

57.     Violation of the Fourth Amendment due to lack of probable cause is a well-established constitutional right.

58.     She also froze all of Michael Angelo's personal and business bank accounts.

59.     As a result, Angelo had no money to post bond and hire an attorney.

60.     As a result, he could not conduct business.

61.     On or about November 21, 2019, Defendant Karen Fairley, a special agent assigned to the Auto Insurance Fraud Unit of the Michigan Department of Attorney General, submitted one or more sworn affidavits that contained false and materially misleading statements concerning Michael Angelo's conduct.

62.     The false affidavit was prepared with Defendant Glenn acting as an investigator.

63.     Defendant Fairley falsely claimed in the Investigator's Report that the investigation was predicated on a 64-page affidavit from a federal agent.

> On October 7, 2019, investigators assigned to the No-Fault Accident Insurance Unit received information from [Defendant] AAG Glenn pertaining to insurance fraud scheme commonly referred to as the "Michael Angelo scheme". The information was provided by federal agents who had investigated and charged multiple defendants as a result of a 6-year investigation. Due to the volume of material to review, a team of 4 investigators were each assigned a suspect to focus their efforts on in order to reach the final goal of prosecution of Michael Angelo…In

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKOLAW

<u>review of the 64-page affidavit against Michael Angelo
the following Michigan statutes support violations of
Michigan insurance fraud…</u>

64.    In truth, the 64-page document was not an affidavit. It was the civil Rico complaint filed against Michael Angelo drafted by an attorney for State Farm.

65.    There were not four investigators assigned.

66.    There were no convictions arising out of the Angelo investigation by the FBI.

67.    Defendant Fairley testified that she never met with representative from the insurance companies , instead relying solely on their complaints and information furnished by insurance , which apparently included the so-called affidavit furnished by Defendant Glenn's previous employer State Farm.

68.    These affidavits were prepared with the assistance and at the direction of Defendant Keisha Glenn, who either knew or recklessly disregarded their falsity and used them to initiate criminal proceedings against Michael Angelo.

69.    The goal of the investigation and prosecution was to benefit Michigan Auto Insurance companies based on Glenn's biases against Angleo.

70.    On or about, April 26, 2023, Defendant Keisha Glenn filed an "Emergency *Ex Parte* Motion for Freeze Order" seeking to freeze the real and personal property of Michael Angelo.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

71.     The motion was filed before Angelo was charged with any crime.

72.     The motion alleged that Angelo engaged in a criminal enterprise that targeted no-fault insurers in violation of MCL 750.159f and that there was probable cause to believe the property at issue was the proceeds of that illegal activity.

73.     In support of its motion, Defendant Glenn attached the affidavit of Defendant Fairly.

74.     The same day the ex parte motion was filed, the Court entered the freeze order.

75.     The freeze order was not supported by probable cause.

76.     Given the lack of evidence in the affidavit that Angelo had been charged under section 159i at the time the motion was filed, the April 26 freeze order was void because the court lacked jurisdiction under MCL 750.159*l*. See *People v McKinnon*, 139 Mich App 362, 367 (1984) ("An order entered by a court without jurisdiction is absolutely void."

77.     After the freeze order was entered, Angelo was charged under section 159i.

78.     The Attorney General failed to list any admissible evidence or any facts that provided factual support for the  elements necessary for either a preliminary injunction or TRO.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                                          Michael L. Jones, Esq.
Case No.: 25--                                                                    Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

79.    Defendants Glenn and Fairley lacked probable cause to believe the property was used in the course of illegal conduct under section 159i.

80.    Defendants Glenn and Fairley lacked probable cause to believe it was the proceeds of that illegal activity.

81.    Defendant Fairley's affidavit, prepared by Glenn, attached to the original ex parte motion failed to establish the probable cause necessary for entry of the April 26 freeze order.

82.    The Fourth Amendment of the United States Constitution and Const. 1963, art. I, § 11, guarantee the right of persons to be secure against unreasonable searches and seizures. *People v Custer*, 465 Mich 319, 326 (2001) citing U.S. Const., Am. IV; Const. 1963, art.I, § 11.

83.    Probable cause exists when a person of reasonable caution would be justified in concluding that the property at issue was used in the course of illegal conduct under section 159i or it was the proceeds of that illegal activity. See *People v Stumpf*, 196 Mich App 218, 227 (1992); see also *In re Forfeiture of $5,264*, 432 Mich 242, 265 (1989) (holding that "real property which has allegedly been used to facilitate a violation of the controlled substances act may only be forfeited if the party seeking forfeiture establishes that there was a 'substantial connection' between the realty and the underlying illegal transaction.")

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

84.    "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id.*

85.    In her affidavit, Defendant Fairley described investigations by other law enforcement agencies that have provided "documentary evidence, audio evidence, and testimonial evidence linking Michael Angelo to the establishment of predetermined medical protocol that doctors followed without regard to medical necessity for to sole purpose of billing exorbitant amounts of money to insurance companies in violation of MCL 500.3101 et seq., MCL 750.218, MCL 750.159f, and MCL 333.7401."

86.    The FBI investigation was for tax evasion not insurance fraud and found no evidence of insurance fraud which is why  the U.S. Government did not charge Angelo with any fraud crimes.

87.    Defendants Glenn and Fairley then averred that the Department of the Attorney General continued the investigation and through the execution of search warrants, has identified numerous assets, including real property and financial accounts, in the name of Angelo and his business entities.

88.    Defendants Glenn and Fairley's affidavit then identified a litany of real property and assets owned by Angelo that extends to "any/all unknown accounts at

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                    Michael L. Jones, Esq.
Case No.: 25--                                             Jon R. Marko, Esq.

the [identified] locations, [and] any and all accounts identified as a result of [the freeze] order."

89. Absent from Fairley's affidavit were any facts that establish that any of the real property and assets identified in her affidavit were in any way used in the course of Angelo's alleged illegal conduct under section 159i or that they were proceeds of that illegal activity.

90. Defendant Fairly's affidavit failed to provide any facts to establish probable cause to seize all of Angelo's assets.

## Defendants Fairley and Glenn Orchestrate a Coordinated and Calculated Campaign Against Michael Angelo

91. Defendant Glenn, acting in concert with Defendant Fairley, obtained a warrant for Michael Angelo's arrest and caused Michael Angelo to be arrested without probable cause.

92. As a result of the criminal charges levied by Defendant Glenn, FOX 2 Detroit, among other media outlets, broadcasted a news story regarding the felony charges against Mr. Angelo, damaging his reputation and the reputation of his businesses.

93. On March 15, 2024, due to the efforts of Defendants Glenn and Fairley, the Michigan Department of Attorney General issued a press release regarding its

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

prosecution of Mr. Angelo, damaging his reputation and the reputation of his businesses.

94.   Defendant Glenn alleged Angelo created a "predetermined protocol," despite his lack of any medical training or experience, for the purpose of fraudulently billing insurance companies.

95.   In conspiracy with Fairley and Korson, Defendant Glenn charged Michael Angelo with 18 crimes:

    a.   Four (4) counts of false pretenses $1,000 - $20,000

    b.   Fourt (4) counts of conspiracy to commit false pretenses $1,000 - $20,000

    c.   Six (6) counts of prescribing/dispensing schedule 2 controlled substances

    d.   Three (3) counts of insurance fraud.

96.   Throughout the preliminary examination and its briefs, Defendants Glenn and Fairley repeatedly asserted none of the medical treatment provided by the co-conspirators was done for legitimate medical purposes.

97.   Defendants Glenn and Fairley failed to consult with a medical doctor to review the treatment provided to the victims of auto of crashes.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

98.    Defendants Glenn and Fairley did not consult with a pharmacist to review the treatment provided to the victims of auto of crashes.

99.    Defendants Glenn and Fairley had no expert to opine that the medical treatment they alleged was part of a predetermined protocol was not medically necessary.

100.    Defendants Glenn and Fairley followed the narrative in the 64-page State Farm Complaint without bothering to verify the facts.  .

101.    Defendants had no probable cause to prosecute.

***No Probable Cause for False Pretense Charges***

102.    Defendant Glenn charged Angelo with larceny by false pretenses under MCL 750.218(4)(a). The elements of the crime of false pretenses are "(1) a false representation as to an existing fact, (2) knowledge by the defendant of the falsity of the representation, (3) use of the false representation with an intent to deceive, and (4) detrimental reliance by the victim on the false representation." *People v. Webbs*, 263 Mich. App. 531, 532 n1 (2004).

103.    The false pretense charges against Angelo were based on Dr. Sinha's medical care of Manishi Kendrick on various dates from 2016 to 2018 that were purportedly done in agreement with Angelo's "predetermined protocol."

**Complaint**

104.   Most of the allegations for each count were identical. The only difference were the allegations on the first element – the false representation: in Count 1, Defendant Glenn alleged that on September 9, 2016, October 10, 2016, December 13, 2016, and January 9, 2017, Angelo allegedly used the pretense that Dr. Sinha lawfully rendered reasonable and necessary medical treatment with she treated patient Kendrick in agreement with Angelo's predetermined protocol, i.e. office visits, toxicology testing, and p-stim…without regard to medical necessity or evaluation; and in Counts 2 and 3, she alleged that between June 2, 2016 and January 24, 2018, Angelo used the pretense that the testing ordered by Dr. Sinha in her treatment of Kendrick in agreement with Angelo's "predetermined protocol" was reasonable and necessary, and lawfully rendered.

105.   The remaining allegations in the false pretenses counts were nearly identical: Angelo allegedly knew the pretense was false because he established the protocol with no medical training or background for the sole purpose of billing exorbitant amounts to insurance companies. Angelo intended Kendrick's no-fault insurer, Allstate, rely on the pretense when he submitted claims and a facilitation summary to Allstate. And Allstate allegedly relied on the false pretenses when it facilitated a settlement of Kendrick's no-fault claims against Allstate and paid Mercyland, Toxx Testing, and Paragon Diagnostics.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

106.    The notes from Dr. Sinha indicate she saw Kendrick on October 10, 2016, December 13, 2016, and January 9, 2017, for spine and right should pain related to a May 2016 car crash.

107.    Each visit noted Kendrick's pain level as 8 out of 10 pain in her spine and 10 out of 10 pain in right shoulder. At each visit, Dr. Sinha prescribed medications, including oxycodone. Each visit included a urinalysis.

108.    The note from October 10, 2016, visit also stated that a P-Stim was indicated because other conservative measures were inadequate, and she was trying to prevent escalating doses of narcotics and trying to prevent surgery. A P-Stim was placed on Kendrick that same day.

109.    Kendrick testified she was in a serious car crash in May 2016 and began getting treatment at Mercyland. She treated with various doctors, including Dr. Sinha, who would do a physical examination and prescribe medication.

110.    She also testified that during each monthly visit, they did a urine test to make sure she was not abusing the opioid pain medications she had been prescribed. She did not find that unusual. Kendrick also testified she had been in continuous pain since the crash. She was in pain at the time of her visits at Mercyland and believed she needed the pain medication. Kendrick testified she had four P-Stims and they helped.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                                    Michael L. Jones, Esq.
Case No.: 25--                                                              Jon R. Marko, Esq.

111.   Dr. Sinha's treatment of Kendrick was reasonable, necessary, and lawfully rendered.

112.   Given Kendrick's acknowledged pain level, there was no reason to conclude that Dr. Sinha's prescriptions for various pain medications, including opioids, were unreasonable or unnecessary.

113.   Defendants Glenn and Fairley did not offer any expert report or testimony to support their allegations.

114.   Because there was insufficient evidence to establish probable cause to believe Dr. Sinha's medical services to Kenrick, including the lab services by Paragon and Toxx Testing, were not reasonable, necessary, and lawfully rendered, there was no probable cause to believe Michael Angelo made a false representation that Dr. Sinha's services were reasonable, necessary, and lawfully rendered.

115.   Defendant Glenn did not have probable cause to believe that Angelo engaged in larceny by false pretenses as alleged.

### *No Probable Cause for Conspiracy to Commit False Pretenses*

116.   A conspiracy is a voluntary mutual agreement or understanding between two or mor people to commit a criminal act.

117.   The substantive offense Defendants charged Angelo with in each of the four conspiracy charges was larceny by false pretenses under MCL 750.218(4)(a).

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                                   Michael L. Jones, Esq.
Case No.: 25--                                                            Jon R. Marko, Esq.

118. The alleged conspiracy related to Dr. Sinha's treatment of David Lynch.

119. Again, Defendant Glenn alleged that on December 27, 2016, Dr. Sinha agreed to follow Angelo's "predetermined protocol. And applied a P-Stim to Lynch.

120. According to Defendant Glenn, Angelo conspired with Sinha and Abraham to use the pretense that the treatment was lawfully rendered, reasonable, and necessary.

121. She falsely claimed Angelo knew the pretense was false because he established the protocol with no medical training or background for the sole purpose of submitting exorbitant bills to insurance companies.

122. Defendant Glenn falsely accused Angelo of conspiring to have Lynch's insurer, Liberty Mutual, rely on the pretense and pay Greater Lake and Mercyland's bills for the P-Stim.

123. Defendant Glenn had no evidence that Drs. Sinha and Abraham knew that the purpose of their alleged agreement was to commit an illegal act, namely false pretenses.

124. More specifically, they did not agree to apply the P-Stim to Lynch without any medical justification.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

125.    Defendants Glenn and Fairley did not offer any expert report or testimony to support their allegations.

126.    Defendant Glenn had no evidence to establish probable cause to believe Drs. Sinha and Abraham entered into an agreement with Angelo on December 27, 2016, to follow Angelo's predetermined protocol and that they knew that the purpose of any such agreement was to commit an illegal act, namely false pretenses.

127.    Defendant Glenn also falsely accused Michael Angelo of conspiring with Dr. Sinha to use the pretense that the toxicology testing Dr. Sinha ordered for Lynch was lawfully rendered, reasonable, and necessary.

128.    Defendants Glenn and Fairley did not offer any expert report or testimony to support their allegations.There was no probable cause to support Defendant Glenn's position.

### *No Probable Cause for Delivery of a Controlled Substance*

129.    Defendant Glenn charged Angelo with four counts of delivery of a controlled substance, MCL 333.7401(2)(b)(ii).

130.    The charges were based on the following prescriptions issued to patients by their medical providers: June 30, 2017 oxycodone prescription to Kendrick by Dr. Monik Lala; July 25, 2017 prescription for oxymorphone HCL and acetaminophen with codeine to Kendrick by Dr. Christina Kimbrough; April 27,

**Complaint**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKOLAW

2017 prescription for acetaminophen with codeine to Lynch by Dr. Michael Pieh, and; May 18, 2017 prescription for acetaminophen with codeine to Lynch by Dr. Mustafa Mohamad Shukr.

131.   Defendant Glenn alleged the medical providers prescribed and dispensed these controlled substances "for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice because they were done in agreement with Angelo's alleged protocol.

132.   Defendants Glenn and Fairley did not offer any expert report or testimony to support their allegations.

133.   Defendant Glenn did not have probable cause that the four physicians acted in bad faith or for a nonmedical purpose.

134.   Kendrick testified she had been in continuous pain since the crash. She agreed she was in pain at the time of her visits to Mercyland, so she believed she needed pain medication. She had no reason to believe any of the prescriptions she received from her medical providers were invalid.

135.   Defendant Glenn only cited bills to Allstate as alleged proof of the charge.

136.   Similarly, Lynch testified he was in a car crash in April 2016. He got treatment at the center approximately once per month, which included pain

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

medications. He testified he hurt "quite a bit" in the crash and was in legitimate pain throughout the course of treatment, which was verified by an MRI. He suffered injuries to his head, back, knees, and shoulder, and ultimately required multiple knee surgeries. Notably, he acknowledged he took pain medications as prescribed, and that his pain got better with medication.

137.    Defendant Glenn only cited bill to Lynch's insurer for these prescriptions as proof.

138.    Contrary to Defendant's Glenn's allegations, the opioid prescriptions were reasonable given Lynch's injuries and that his chronic pain improved when he was taking medications.

### *No Probable Cause for Conducting a Criminal Enterprise*

139.    Defendant Glenn also falsely accused Angelo of Conducting a Criminal Enterprise (also known as "racketeering").

140.    Defendant Glenn alleged the evidence and charges discussed above demonstrated Michael Angelo knowingly operated and/or participated in the affairs of Orthopedic PC, Mercyland, US Health Pharmaceuticals dba Meds Direct, Tox Testing, Paragon Diagnostics, Greater Lakes Ambulatory Surgical Center, Michae Accident Associates, 1-800-USLAWYER, and Pacific Marketing.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

141. She claimed Angelo ran the facilities as a criminal enterprise for financial gain with the assistance of Drs. Sinha and Abraham, Presley, Quartz, and Fayad. Through this enterprise, she claimed Angelo committed the delivery of controlled substances and false pretenses using the same methods, i.e., his predetermined protocol, for the same purpose, i.e., financial gain, and against similar victims, i.e., insurance companies.

142. Defendant Glenn had no evidence and no probable cause showing Michael Angelo solicited any criminal conduct from the individuals identified.

### *No Probable Cause for Insurance Fraud*

143. Lastly, Defendant Glenn alleged Angelo committed insurance fraud.

144. MCL 500.411(1) makes it a felony to commit a fraudulent insurance act under MCL 500.4503.

145. Defendant Glenn falsely accused Michael Angelo of causing Mercyland to bill Allstate based on Dr. Sinha's fraudulent treatments of Kendrick at Greater Lakes without regard for medical necessity or evaluation. She falsely alleged Angelo did so with the intent Allstate would rely on the fraudulent bills and make payments.

146. Defendant Glenn had no probable cause to believe Dr. Sinha's treatment of Kendrick was not reasonable, necessary, and lawfully rendered.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

147.   The claims for services sent to Allstate did not contain false information.

148.   Defendants Glenn and Fairley did not offer any expert report or testimony to support their allegations.

149.   All charges against Michael Angelo were dismissed for lack of probable cause after a three-day preliminary examination.

150.   All patients cited by Defendants Glenn and Fairley had resolved claims in previous settlements, which the insurance companies breached by referring these cases to the Attorney General for prosecution.

151.   Defendants Glenn and Fairley disregarded the previous sworn testimony of all of the patients who testified at preliminary exam.

152.   They were all deposed in their civil cases and no explanation was given for their change in testimony.

153.   Throughout this ordeal, Michael Angelo and his family have suffered immensely.

154.   As a result, Mr. Angelo has lost substantial income  and had to shut down the majority of his established businesses is reputation severely damaged, compounded by highly publicized videos and newspaper articles by both federal and state governments.

**Complaint**

155.   He has also incurred over $750,000 in defense costs.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### False Arrest, 4th Amendment

156.   Plaintiff incorporates by reference the preceding paragraphs.

157.   The Fourth Amendment of the United States Constitution and Const. 1963, art. I, § 11, guarantee the right of persons to be secure against unreasonable searches and seizures. *People v Custer*, 465 Mich 319, 326 (2001) citing U.S. Const., Am. IV; Const. 1963, art.I, § 11.

158.   "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id.*

159.   Michael Angelo has a constitutional right, guaranteed by the Fourth Amendment, to be free from unreasonable search and seizure not supported by probable cause.

160.   Defendants Korson, Fairley, and Glenn caused a prosecution against Michael Angelo without probable cause.

161.   Defendants Keisha Glenn and Karen Fairley, acting in an investigatory capacity and not in their role as advocates in ongoing judicial proceedings, prepared

**Complaint**

*MARKOLAW.COM*

*220 W. CONGRESS, 4TH FLOOR*
*DETROIT, MI 48226*

*P: (313) 777-7LAW*
*F: (313) 470-2011*

*MARKO LAW*

and submitted knowingly false or misleading affidavits and reports to initiate criminal charges and freeze Plaintiff's assets.

162.   Defendant Fairley swore to an affidavit stating it was based on a federal agent's report, when it was in fact a civil complaint prepared by a private party (State Farm).

163.   In conducting their investigation, Defendants Glenn and Fairley relied on false, misleading complaints and evidence provided by insurance companies, as well as a 64-page State Farm civil RICO complaint filed against Michael Angelo by State Farm in retaliation for his qui tam complaints.

164.   The 64-page complaint was falsely presented as a federal agent's affidavit, which was insufficient to establish probable cause against Mr. Angelo.

165.   These false representations were material to the court's issuance of arrest warrants and seizure orders.

166.   The use of fabricated or knowingly false evidence to initiate legal process violates the Fourth Amendment and constitutes malicious prosecution under clearly established law. *Malley*, 475 U.S. at 335; *King v Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).

167.   Defendants were not functioning as prosecutors in judicial proceedings but rather as investigators gathering and submitting false evidence to obtain arrest

**Complaint**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

and seizure orders. Accordingly, absolute prosecutorial immunity does not apply, and qualified immunity is unavailable because the law was clearly established.

168.   As a result of Defendant's conduct, Plaintiff was arrested, detained, and subjected to baseless criminal proceedings, and suffered reputational and economic harm.

169.   Despite this lack of probable cause, Mr. Angelo was required to appear for an arraignment pursuant to the arrest warrant and post bond to prevent his pretrial detention.

170.   Because Defendant Korson conspired with state actors, Defendants Glenn and Fairley, to violate Mr. Angleo's constitutionally protected rights against false arrest, Defendant Korson acted under the color of state law.

171.   As a direct and proximate result of Defendants' conduct, Mr. Angelo suffered irreparable harm, including severe emotional distress, embarrassment, humiliation, damage to reputation, and millions of dollars. Additionally, Mr. Angelo paid significant dollars for legal defense to rebut the baseless allegations.

172.   Judge Druzinski found an absence of probable cause to support the charges. This judicial determination resolves the probable cause element in Plaintiff's favor for both his federal and state malicious prosecution claims.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

173.    Defendants Glenn and Fairley acted in an investigative role outside the scope of prosecutorial immunity.

**WHEREFORE,** Plaintiff seeks judgment against Defendants for compensatory, including non-economic and economic damages, punitive damages, costs and attorney fees, and any other relief this Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983
## Malicious Prosecution, 4th Amendment

174.    Plaintiff incorporates by reference the preceding paragraphs.

175.    Defendants Glenn and Fairley, acting outside the scope of prosecutorial duties, fabricated evidence in violation of Plaintiff's right to a fair criminal process, guaranteed by the Fourth Amendment.

176.    The knowing misrepresentation of a private civil lawsuit as a federal affidavit in a criminal investigation, and the use of that misrepresentation to freeze Plaintiff's property and instigate criminal charges, shocks the conscience and constitutes an arbitrary abuse of government power. See *Spurlock v. Satterfield*, 167 F.3d 995 (6th Cir. 1999).

177.    Moreover, Plaintiff was denied a fair opportunity to contest the seizure of the property due to Defendants' false representations, and the court entered void orders as a result.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                    Michael L. Jones, Esq.
Case No.: 25--                                              Jon R. Marko, Esq.

178.   Defendants' conduct violated clearly established law prohibiting government officials from using fabricated evidence to deprive a citizen of liberty or property without due process of law.

179.   The elements of malicious prosecution are the following: (a) a prosecution caused or continued by one person against another; (b) termination of the proceeding in favor of the person who was prosecuted; (c) absence of probable cause for initiating or continuing the proceeding; and (d) initiating or continuing the proceeding with malice or a primary purpose other than that of bringing the offender to justice. *Adams v. Metiva*, 31 F.3d 375, 388 (6th Cir. 1994)

180.   In or around April 2023, Defendants Glenn and Fairley caused a prosecution against Michael Angelo.

181.   On or about September 10, 2024, Hon. Diane M. Druzinski terminated the proceeding in favor of Michael Angelo.

182.   Judge Druzinski found an absence of probable cause to support the charges. This judicial determination resolves the probable cause element in Plaintiff's favor for both his federal and state malicious prosecution claims.

183.   Judge Druzinski found absence of probable cause for initiating the proceeding.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                                    Michael L. Jones, Esq.
Case No.: 25--                                                                      Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

184.   Michael Angelo filed a whistleblower complaint to the U.S. Department of Justice and the Michigan Attorney General, subsequently filing a qui tam case against State Farm and Allstate.

185.   Defendant initiated the proceeding with malice because Michael Angelo filed whistleblowing complaints against State Farm and Allstate.

186.   Defendant Glenn relied upon a 64-page RICO complaint from her former employer State Farm to initiate the proceeding.

187.   Defendant Fairley provided false information in her investigator's report, relying on State Farm, but attesting it was a 64-page affidavit from federal agents.

188.   The goal of the investigation was the prosecution of Michael Angelo.

189.   Because Defendant Korson conspired with state actors, Defendants Glenn and Fairley, to violate Mr. Angleo's constitutionally protected rights, Defendant Korson acted under the color of state law.

190.   As a direct and proximate result of Defendants' conduct, Mr. Angelo suffered irreparable harm, including severe emotional distress, embarrassment, humiliation, damage to reputation, and millions of dollars. Additionally, Mr. Angelo paid significant dollars for legal defense to rebut the baseless allegations.

**Complaint**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

191.    Defendants Glenn and Fairley acted in an investigative role outside the scope of prosecutorial immunity.

**WHEREFORE,** Plaintiff seeks judgment against Defendants for compensatory, including non-economic and economic damages, punitive damages, costs and attorney fees, and any other relief this Court deems just and equitable.

<u>**COUNT III**</u>
**42 U.S.C. 1983**
**Due Process**

192.    Plaintiff incorporates by reference paragraphs 1-171, as if fully set forth herein.

193.    Plaintiff Michael Angelo had a clearly established substantive due process right to the property and assets that were subject to the ex parte freeze order and Lis pendens.

194.    The *ex parte* order of Mr. Angelo's assets and property were sought and secured without probable cause and from a court without jurisdiction. The actions were so arbitrary, irrational, and egregious that it shocked the conscience.

195.    The ex parte freeze order was sought and secured in complete reliance on Defendant Fairley's false and misleading information regarding Mr. Angelo's alleged commission of insurance fraud and misleading information provided by the insurance companies.

**Complaint**

196.    No extraordinary circumstances warranted seeking the ex parte freeze order, and there was no probable cause to link Mr. Angelo's assets and property with the commission of any alleged charged crimes or to support that such property and assets were the product of any alleged illegal activity.

197.    Undeterred by the adverse rulings setting aside the ex parte freeze order, a Lis pendens was filed on Mr. Angelo's real property, despite the lack of probable cause and the setting aside of the ex parte freeze order.

198.    The Lis pendens was filed in complete reliance on Defendant Fairley's false and misleading reports and affidavits and the false and misleading information from the insurance companies.

199.    The *ex parte* freeze order and Lis pendens, sought and secured without probable cause, were not rationally related to a legitimate government interest.

200.    As a direct and proximate result of Defendants' conduct, Mr. Angelo suffered harm, including severe and serious emotional distress, embarrassment, humiliation, and loss of travel privileges. Mr. Angelo also suffered pecuniary damages as a result of the prosecution against him. Additionally, Mr. Angelo personally paid for the cost of his legal defense.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                    Michael L. Jones, Esq.
Case No.: 25--                                              Jon R. Marko, Esq.

**WHEREFORE,** Plaintiff seeks judgment against Defendants for compensatory, including non-economic and economic damages, punitive damages, costs and attorney fees, and any other relief this Court deems just and equitable.

## COUNT IV
### Civil Conspiracy, 42 U.S.C. § 1983

201.   Plaintiff incorporates by reference paragraphs 1-180, as if fully set forth herein.

202.   A civil conspiracy under § 1983 is "an agreement between two or more persons to injury another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). The elements of a § 1983 civil conspiracy are (1) a single plan existed; (2) the conspirators shared a conspiratorial objective to deprive Plaintiff of his constitutional right; and (3) an overt act was committed in furtherance of the conspiracy. *Id.*

203.   Defendant Korson and the insurance companies conspired and came to an agreement with Defendants Glenn and Fairley to deprive Mr. Angelo of his constitutional rights secured under the Fourth and Fourteenth Amendments.

204.   Defendants Glenn, Fairley, and Korsen knowingly agreed to use fabricated evidence to secure arrest and seizure orders against Plaintiff. They committed overt acts in furtherance of that agreement, including (a) drafting and

submitting knowingly false affidavits; (b) misrepresenting civil litigation documents as law enforcement affidavits; and (c) publicizing unsubstantiated criminal charges.

205.    The object of this conspiracy was to initiate a prosecution lacking probable cause and to destroy Plaintiff's reputation and business.

206.    Such conduct constitutes a civil conspiracy under § 1983.

207.    Because Defendant Korson agreed with state actors Defendants Glenn and Fairley to violate Plaintiff's constitutional rights, Korson acted under the color of state law.

208.    Defendants had a single plan of prosecuting Michael Angelo, assassinating his character, and ruining his reputation for honesty.

209.    Defendants' shared a conspiratorial objective: the prosecution of Michael Angelo.

210.    This deprived Michael Angelo of his constitutional rights under the Fourth and Fourteenth Amendment because they sought prosecution without probable cause.

211.    Defendants each committed several overt acts in furtherance of the conspiracy, including attaching Lis Pendens on his property and assets, submitting frivolous complaints, signing false and misleading affidavits, and providing false information to the Michigan Department of the Attorney General.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

212.   As a direct and proximate result of Defendants' conspiratorial conduct, Mr. Angelo suffered harm, including severe and serious emotional distress, embarrassment, humiliation. Mr. Angelo suffered pecuniary damages as a result of the prosecution against him. Mr. Angelo personally paid for the cost of his legal defense.

**WHEREFORE,** Plaintiff seeks judgment against Defendants for compensatory, including non-economic and economic damages, punitive damages, costs and attorney fees, and any other relief this Court deems just and equitable.

## <u>COUNT V</u>
**Malicious Prosecution in Violation of Michigan State Law**

213.   Plaintiff incorporates by reference paragraphs 1-189, as if fully set forth herein.

214.   In or around April 2023, Defendants Glenn and Fairley caused a prosecution against Michael Angelo.

215.   On or about September 10, 2024, Hon. Diane M. Druzinski terminated the proceeding in favor of Michael Angelo.

216.   Judge Druzinski found absence of probable cause for initiating the proceeding.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

217.   Michael Angelo filed a whistleblower complaint to the U.S. Department of Justice and the Michigan Attorney General, subsequently filing a qui tam case against State Farm and Allstate.

218.   Defendant initiated the proceeding with malice because Michael Angelo filed whistleblowing complaints against State Farm and Allstate.

219.   Defendant Glenn relied upon a 64-page RICO complaint from her former employer State Farm to initiate the proceeding.

220.   Defendant Fairley provided false information in her investigator's report, relying on State Farm, but attesting it was a 64-page affidavit from federal agents.

221.   The goal of the investigation was the prosecution of Michael Angelo.

222.   Because Defendant Korson conspired with state actors, Defendants Glenn and Fairley, to violate Mr. Angleo's constitutionally protected rights, Defendant Korson acted under the color of state law.

223.   As a direct and proximate result of Defendants' conduct, Mr. Angelo suffered irreparable harm, including severe emotional distress, embarrassment, humiliation, damage to reputation, and millions of dollars. Additionally, Mr. Angelo paid significant dollars for legal defense to rebut the baseless allegations.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

**WHEREFORE,** Plaintiff seeks judgment against Defendants for compensatory, including non-economic and economic damages, punitive damages, costs and attorney fees, and any other relief this Court deems just and equitable.

## COUNT VI
### Gross Negligence

224. Plaintiff incorporates by reference paragraphs 1-200, as if fully set forth herein.

225. Under Michigan law, governmental employees are not immune from liability for tortious conduct done in the course of their employment when that conduct amounts to gross negligence that is the proximate cause of a plaintiff's injury or damage. MCL § 691.1047(2)(c).

226. "Gross Negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. MCL § 691.1407(8)(a).

227. At all relevant times, Defendant Fairley was acting in the course and scope of her employment with the Michigan Department of Attorney General.

228. Defendant Fairly was under a duty to avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for whether Mr. Angelo suffered an injury.

229. Defendant Fairley engaged in grossly negligent conduct with regard to seeking the arrest and prosecution of Michael Angelo for insurance fraud.

**Complaint**

*Michael Angelo v. Karen Fairley, et al*                    Michael L. Jones, Esq.
Case No.: 25--                                             Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

230.   Under MCL § 691.1407(8)(a), gross negligence is defined as conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. Defendant Fairley's conduct—submitting a knowingly false affidavit, freezing Plaintiff's assets without evidence, and relying solely on insurance complaints—meets this threshold. Her actions were the proximate cause of Plaintiff's wrongful prosecution and resulting injuries.

231.   Defendant Fairley breached her duty by subjecting Mr. Angelo to a criminal process, including an arrest warrant, without probable cause.

232.   Defendant Fairley breached her duty by engaging in the unconstitutional conduct set forth above.

233.   The grossly negligent conduct was the proximate cause of Mr. Angelo's prosecution without probable cause.

234.   Mr. Angelo suffered harm, including severe and serious emotional distress, embarrassment, humiliation. Mr. Angelo suffered pecuniary damages as a result of the prosecution against him. Mr. Angelo personally paid for the cost of his legal defense.

**WHEREFORE,** Plaintiff seeks judgment against Defendants for compensatory, including non-economic and economic damages, punitive damages, costs and attorney fees, and any other relief this Court deems just and equitable.

**Complaint**

Respectfully submitted,


/s/ Michael L. Jones
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

Dated: June 19, 2025

**Complaint**

*Michael Angelo v. Karen Fairley, et al*          Michael L. Jones, Esq.
Case No.: 25--                                    Jon R. Marko, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL ANGELO,

      **Plaintiff,**

v.

KAREN FAIRLEY, IN HER INDIVIDUAL
CAPACITY,
KEISHA GLENN, IN HER INDIVIDUAL
CAPACITY, AND
AARON KORSEN,

      **Defendants.**

Case No.: 2:25-cv-11840

Hon.

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

## JURY DEMAND

**NOW COMES**, Plaintiff Michael Angelo, by and through his attorneys at Marko Law, PLLC, and hereby demand a jury trial in the above-captioned matter.

Respectfully submitted,


*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

Dated: June 19, 2025

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

2

**Complaint**

*Michael Angelo v. Karen Fairley, et al*
Case No.: 25--

Michael L. Jones, Esq.
Jon R. Marko, Esq.